Cynthia Dawn Beck - #022345
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| NEON NETWORK, LLC, a New York limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>ASPIS LIV FORSAKRINGS, a limited liability company organized under the laws of Sweden,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, by and through undersigned counsel, brings this Complaint against Defendant Aspis Liv Forsakrings ("Aspis"), alleging as follows:

**INTRODUCTION**

1.      This action is requesting a declaration that Plaintiff is entitled to the use of the disputed domain name, www.aspis.com (hereinafter "Subject Domain Name"), and that there is no infringement of any trademark rights alleged by Defendant, and that any alleged ASPIS mark claimed to be owned by Defendant is invalid and/or unenforceable in the United States.  This action arises out of the Declaratory Judgment Act, 28 United States Code §§ 2201 and 2202; the Anticybersquatting Consumer Protection Act, 15

...

United States Code §§ 1114 and 28 United States Code § 1331 (hereinafter "ACPA"); the trademark laws of the United States Titled 15 USC § 1051, *et seq.*; and the Uniform Dispute Resolution Policy paragraph 4(K) (hereinafter "Policy").

**THE PARTIES**

2. Plaintiff Neon Network, LLC is a New York limited liability company.

3. Upon information and belief, Defendant Aspis Liv Forsakrings is a foreign limited liability company organized under the laws of Sweden, which was organized on or around 2004.

4. Plaintiff owns and has registered the domain name with Blue Razor Domains, Inc., an Arizona corporation, and has owned and registered said domain name since August 1, 1998.

5. Plaintiff operates a genuine commentary website at the subject domain address.

6. Upon information and belief, Defendant Aspis is part of a group of companies that offers services in Greek and Swedish insurance markets.

7. Upon information and belief, Defendant Aspis uses the device mark:



(hereinafter "Mark") pursuant to a license agreement.  Further upon information and belief the Mark licensed to Defendant was registered in Sweden, bearing trade mark number 382047 in class 36, on or about July 7, 2006.  Further upon information and

belief the Mark licensed to Defendant was also registered as a Community Trade Mark number 005325782, on or about October 22, 2007.

8. Blue Razor Domains, Inc. is an Arizona corporation in good standing, with a principal place of business located at 14455 North Hayden Road, #219, Scottsdale, Arizona 85260. Blue Razor Domains, Inc. is an Internet Corporation for Assigned Names and Numbers (hereinafter "ICANN") accredited Registrar.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under the Federal Declaratory Judgments Act, Title 28, United States Code, Sections 2201 and 2202; the ACPA, 15 United States Code § 1114 and 28 United States Code § 1331; Title 28, United States Code, Section 1338(a) and 15 United States Code, Section 1121.

10. Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b).

## BACKGROUND

11. On or around August 1, 1998, Plaintiff acquired the Subject Domain Name.

12. On March 11, 2008, Defendant filed an action with the World Intellectual Property Organization (hereinafter "WIPO") Arbitration and Mediation Center alleging that the Subject Domain Name was confusingly similar to its marks and that Plaintiff used the Subject Domain Name in bad faith.

13. A WIPO panel ruled against Plaintiff and ordered that the Subject Domain Name be transferred to Defendant.

. . .

## COUNT I

**(Declaratory Judgment That Plaintiff's Use Of
The Subject Domain Name Is In Compliance With The ACPA)**

14. Plaintiff incorporates each of the statements and allegations set forth in paragraphs 1-13 above as if fully set forth herein.

15. Defendant's attempt to acquire the Subject Domain Name constitutes Reverse Domain Name Hijacking under the ACPA for the following reasons:

    a. Plaintiff is the registrant of the Subject Domain Name;

    b. Plaintiff's domain name was ordered transferred pursuant to the WIPO arbitration proceeding to Defendant;

    c. Defendant has notice of the claim concurrent herewith;

    d. Plaintiff's use of the Subject Domain Name is not unlawful, as the Subject Domain Name is not confusingly similar to the alleged Mark and the use of the Subject Domain Name is not in bad faith.

16. Plaintiff is entitled to a declaration that its use of the Subject Domain Name is in compliance with the ACPA.

## COUNT II

**(Declaratory Judgment of Invalidity and Unenforceability of the
Mark in the United States and Non-Infringement)**

17. Plaintiff incorporates each of the statements and allegations set forth in paragraphs 1-16 above as if fully set forth herein.

18. The Mark is invalid, unenforceable, and void and/or Plaintiff's use of the Subject Domain Name does not infringe the Mark, for one or more of the following reasons:

   a. The Mark is invalid and/or unenforceable due to Defendant's failure to use the Mark in commerce as defined under the trademark laws of the United States;

   b. The Subject Domain Name does not infringe the Mark as it is not confusingly similar to the Mark;

   c. The Subject Domain Name does not infringe the Mark as the Subject Domain Name and the Mark are not used in conjunction with similar services or products;

   d. The Subject Domain Name does not infringe the Mark as the term ASPIS alone is generic, as it is a Greek word for a warrior's shield.

19. Because the Mark is invalid and/or unenforceable, the Plaintiff is entitled to use of the Subject Domain Name.

20. Because the Subject Domain Name does not infringe the Mark, the Plaintiff is entitled to use of the Subject Domain Name.

WHEREFORE, Plaintiff prays for the following relief:

(a) Entry of judgment that said Defendant is without right or authority to threaten or to maintain suit against Plaintiff for alleged infringement of the Mark.

(b) Entry of judgment that Plaintiff's use of the Subject Domain Name is in compliance with the ACPA.

(c) Entry of judgment that the Mark is invalid, unenforceable, and void in law in the United States; and that said Mark is not infringed by Plaintiff because of the making, selling, or using of the Subject Domain Name.

(d) Entry of judgment that the Plaintiff is entitled to the use of the Subject Domain Name and for suspension of the WIPO Judgment ordering transfer of the domain names to Defendant.

(e) Entry of judgment for Plaintiff's costs and reasonable attorney fees incurred herein.

(f) For such other and further relief as the Court may deem appropriate.

DATED this 26th day of June, 2008.

SCHMEISER, OLSEN & WATTS LLP

By:

  /Cynthia D. Beck/

CYNTHIA D. BECK
Attorney for Plaintiff