Cynthia Dawn Beck - #022345
Sean Kealii Enos - #023634
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| NEON NETWORK, LLC, a New York limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>ASPIS LIV FORSAKRINGS, a limited liability company organized under the laws of Sweden,<br><br>        Defendant. | Case No. 2:08-cv-1188-PHX-DGC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    Background

        Plaintiff Neon Network, LLC filed a complaint against Defendant Aspis Liv

Forsakrings seeking declaratory judgment that Plaintiff is entitled to use the domain name

www.aspis.com.  Further in the complaint, Plaintiff sought declaratory judgment that the

Mark, ASPIS, is invalid, unenforceable, and void in law in the United States; and that

said Mark is not infringed because of the making, selling or using of the Subject Domain

Name, www.aspis.com.  [Dkt. 1.]  An application for entry of default was filed and

granted by the Court when Defendant failed to timely answer the complaint. [Dkt. 5 and Dkt. 18.]

## II.    Legal Analysis

In accordance with Rule 55(b) Plaintiff is entitled to an entry of default judgment against Defendant Aspis Liv Forsakrings.  Defendant defaulted by failing to appear in this action, and pursuant to the above rule, Plaintiff requests Judgment against Defendant, Aspis Liv Forsakrings for a sum certain stated and the relief sought in its Complaint. Plaintiff will submit its prejudgment taxable costs via separate affidavit.

In determining whether to enter an order of default judgment, the Court must also consider the *Eitel* factors.  These factors include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th CIR. 1986).

With regard to the discretionary standard for default judgment, "default judgments are more often granted than denied."   *Philips Morris USA, Inc. v. Cotswold Prods., Inc.*, 219 F.R.D. 494, 498 (C.D.Cal. 2003).  Further "The general rule of law is that upon default the factual allegations of the complaint . . . will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

### A.    The Possibility Of Prejudice To Plaintiff

The possibility of prejudice to plaintiff is the first of the Eitel factors that must be considered when determining whether to grant default judgment.  "[B]y defaulting,

Defendant is deemed to have admitted the truth of [Plaintiff's] averments." *Philips Morris USA, Inc. v. Cotswold Prods., Inc.*, 219 F.R.D. at 499.  Further, Plaintiff will suffer prejudice because Plaintiff "would be without other recourse for recovery."  *See Id*. In the present case, Defendant Aspis Liv Forsakrings, has admitted the truth of Plaintiff's averments.  Accordingly, not rendering a default judgment would unfairly prejudice Plaintiff since Defendant admits to the claims made in the complaint by defaulting and Plaintiff would be without recourse for recovery for this admittance by Defendant. Therefore, the first factor favors entry of judgment against the Defendant.

**B.     The Merits Of The Claims and Sufficiency Of The Complaint**

With regard to the second and third Eitel Factors, "[t]he Ninth Circuit has suggested that these two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal.2002).

Defendant is without right or authority to threaten or maintain suit against Plaintiff for alleged infringement of the Mark, ASPIS.  Federal trademark infringement claims may be brought under the Lanham Act § 32.  *See* 15 U.S.C. § 1114.  In the present case, Defendant does not have a federally registered trademark and further does not have use in commerce of the trademark as defined in the trademark laws of the United States. Accordingly, this is a claim on which the Plaintiff may recover and this factor favors entry of default judgment on this claim.

Plaintiff's use of the Subject Domain Name, www.aspis.com, is in compliance with the Anticybersquatting Consumer Protection Act, 15 United States Code § 1114 and

28 United States Code § 1331 ("ACPA").  Plaintiff is the registrant of the Subject Domain Name and Plaintiff's use of the Subject Domain Name is not unlawful, as the Subject Domain Name is not confusingly similar to the alleged Mark and the use of the Subject Domain Name is not in bad faith.  Accordingly, Plaintiff's use is in compliance with the ACPA and these factors favor an entry of default judgment on this claim.

The Mark, ASPIS, is invalid, unenforceable, and void in law in the United States; and that said Mark is not infringed because of the making, selling or using of the Subject Domain Name, www.aspis.com.  In order to have a valid and enforceable Mark in the United States.  The Defendant has failed to use the Mark in commerce as defined under the trademark laws of the United States; the Subject Domain Name does not infringe the Mark as it is not confusingly similar to the Mark; and the Subject Domain Name does not infringe the Mark as the Subject Domain Name and the Mark are not used in conjunction with similar services or products.  Accordingly, Defendant's Mark is invalid, unenforceable and void in the law of the United States and these Eitel factors favor entry of default judgment on this claim.

Plaintiff is entitled to the use of the Subject Domain Name and the World Intellectual Property Organization Judgment ordering transfer of domain names to Defendant is hereby suspended.  Because Plaintiff's use of the Subject Domain Name is proper under the ACPA and Defendant's mark is invalid, unenforceable and void in the trademark law in the United States, Plaintiff is entitled to use the Subject Domain Name.  Accordingly, these Eitel factors favor entry of default judgment in this claim.

For Plaintiff's prejudgment taxable costs incurred herein in the amount of

$1,547.00.  Federal Rules of Civil Procedure, Rule 55(b)1 indicates that a Plaintiff may recover a sum certain.  This is a sum certain for costs associated with filing and serving the Complaint.  Acc

**C.     The Amount Of Money At Stake**

Federal Rules of Civil Procedure, Rule 55(b)1 indicates that a Plaintiff may recover a sum certain.  Further, if a Plaintiff is only seeking injunctive relief, this Eitel factor favors granting default judgment.  *See Id.*  In the instant matter, Plaintiff is seeking a sum certain in the amount of $1,547.00 for the costs that Plaintiff has incurred in bringing this cause of action.  The additional relief sought is similar to that of injunctive relief in that no additional money is sought.  Accordingly this factor favors entry of default judgment.  Accordingly, these Eitel factors favor entry of default judgment in this claim.

**D.     The Possibility Of A Dispute Concerning Material Facts**

The Court takes all factual allegations of the Complaint as true based on the entry of default.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917-918.  Defendant has not made an attempt to challenge the Complaint or even appear in the case.  Accordingly, when applying this factor to the present case, this factor favors the entry of default judgment.

**E.     Whether Default Was Due To Excusable Neglect**

All interested parties are required to be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In this matter, Defendant Aspis Liv Forsakrings was served with a copy of the Summons and Complaint on November 13, 2008 and the Certificate of Service was filed on December 11, 2008 [Dkt. 14].  Pursuant to Federal Rule of Civil Procedure 12(a)(1), Defendant Aspis Liv Forsakrings was required to answer the Complaint within twenty (20) days of being served with the Summons and Complaint, or by December 3, 2008. [Dkt. 5, ¶3].  To date, Aspis Liv Forsakrings has not filed an answer or other response to the Complaint.  This is supported by the Declaration of Cynthia D. Beck, that the statutory time, exclusive of the day of service of the Complaint, within which Defendant Aspis Liv Forsakrings may plead or otherwise defend, has passed. [Beck Decl. ¶5]. Because Defendant was served with Complaint and failed to respond within the statutory time period, this Eitel Factor favors an entry of default judgment.

## F.    The Policy Favoring A Decision On The Merits

While there is a strong policy in favoring a decision on the merits, "the mere existence of [Federal Rules of Civil Procedure] 55(b) indicates that the seventh Eitel factor is not alone dispositive." *See Philips Morris USA, Inc. v. Cotswold Prods., Inc.*, 219 F.R.D. at 501 (citing *PepsiCo Inc. v. Cal. Sec. Cans.*, 238 F.Supp.2d 1172 at 1177). "Moreover, Defendant's failure to answer [Plaintiff's] Complaint makes a decision on the merits impractical, if not impossible. Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *See PepsiCo Inc. v. Cal. Sec. Cans.*, 238 F.Supp.2d 1172 at 1177.  In this present case, Defendant failed to respond to Plaintiff's Complaint.  Therefore, a decision on the merits is impractical and impossible.  Accordingly, this Eitel factor favors entry of default

judgment.

**III.      Conclusion**

Defendant has failed to appear on this matter by failing to timely answer the Complaint that has been served upon it.  An entry of default has been granted by the court.  Each of the Eitel Factors favor an entry of default judgment in favor of Plaintiff's claims within the Plaintiff's Motion for Default Judgment.  Accordingly, Plaintiff pray for relief as requested in its Motion for Default Judgment.

DATED this 22$^h$ day of May, 2009.


SCHMEISER, OLSEN & WATTS LLP

By:

/Sean Kealii Enos/

SEAN KEALII ENOS
Attorney for Plaintiff

. . . .

. . . .

. . . .

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd____ day of May, 2009, I electronically transmitted the attached documents to the Clerk's Office using the ECF system for filing, with a copy transmitted electronically to:.

            The Honorable David G. Campbell
            United States District Court


        I hereby further certify that on this 28th_ day of April, 2009 I placed a copy of the foregoing in the U.S. mail, special delivery to:

            Aspis Liv Forsakrings
            Repslagaregatan 19
            60225 Norrkoping
            Sweden



                                /Kelly A. Calkins/
                                KELLY A. CALKINS