**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neon Network, LLC, a New York limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Aspis Liv Forsakrings, a limited liability company organized under the laws of Sweden,<br><br>　　　　Defendant. | No. CV-08-1188-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff Neon Network, LLC filed a complaint against Defendant Aspis Liv Forsakrings seeking a declaratory judgment that Plaintiff is entitled to use the Internet domain name www.aspis.com, that Plaintiff's use of that domain name does not constitute trademark infringement under the Lanham Act and is not unlawful under the Anticybersquatting Consumer Protection Act, and that Defendant's alleged mark in the domain name is invalid and unenforceable. Dkt. #1. Plaintiff has filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #26. For reasons that follow, the Court will grant the motion.

Because Defendant's default has been properly entered under Rule 55(a) (*see* Dkt. ##14, 17, 18), the Court has discretion to grant default judgment against Defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the

merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Plaintiff's motion and supporting memorandum, which addresses each of the *Eitel* factors (*see* Dkt. #27), and having reviewed the well-pled factual allegations of the complaint (*see* Dkt. #1), the Court concludes that default judgment is appropriate. *See Mann v. AFN Inv., Ltd.*, No. 07cv0083-BEN (CAB), 2007 WL 2177030, at *2 (S.D. Cal. July 27, 2007) (declaratory judgment proper with respect to domain name registrant's claim under the ACPA, 15 U.S.C. § 1114(2)(d)(v)).

Plaintiff seeks an award of $1,547.00, representing Plaintiff's prejudgment taxable costs. Dkt. #26 ¶ 5. The Court will deny this request without prejudice. Plaintiff may file a bill of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Rule 54.1 of the Court's Local Rules of Civil Procedure.

**IT IS ORDERED AND ADJUDGED:**

1. Plaintiff's request for an award of prejudgment taxable costs is **denied** without prejudice.
2. Plaintiff's motion for default judgment (Dkt. #26) is **granted**. Default judgment is entered in favor of Plaintiff and against Defendant on the declaratory judgment claims asserted in the complaint (Dkt. #1).
3. Defendant is without right or authority to threaten or maintain suit in the United States against Plaintiff for alleged infringement of the ASPIS mark.
4. Plaintiff's use of the domain name www.aspis.com is in compliance with the Anticybersquatting Consumer Protection Act and Plaintiff is entitled to use the www.aspis.com domain name.
5. The ASPIS mark is invalid and/or unenforceable and the mark is not infringed under the trademark laws of the United States because of the making, selling, or using of the www.aspis.com domain name.

1   6.  The Clerk is directed to **terminate** this action.

2   DATED this 22nd day of June, 2009.

*David G. Campbell*
United States District Judge